GEORGE HUNTER ECHOLS, SR. V. STATE.

No. 26,728. January 6, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 24, 1954.

*Massey, Hodges, Moore & Gates*, by *Hollis Massey*, Columbus, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at a fine of $250.

George Vogt testified that on April 10, 1953, he saw a man driving a Cadillac automobile in an unusual manner upon U. S. Highway 90 between Weimar and Columbus in Colorado County, Texas, and took the license number of the automobile; that he followed the automobile into Columbus and notified the sheriff of what he had seen and gave him the license number of said automobile.

D. L. Wilson, Highway Patrolman, testified that he was one mile east of Columbus in Jack Hill's Cafe about forty feet from U. S. Highway 90 around 9 P.M. on April 10, 1953; that he heard a crash—looked out the window and saw appellant "back" his car five or six feet, turn the lights of the car off, and step out of the automobile, which was a Cadillac; that he went to appellant's car and found that it had damaged another auto-

mobile; that the only persons in appellant's car were his wife and a small son, who were in the back seat. He further testified that he found a bottle on the front floor-board with some whiskey in it; that he could smell whiskey on appellant's breath; that he observed his speech and actions; that in his opinion appellant was under the influence of intoxicating liquor.

Sheriff Walker testified that on April 10, 1953, he received a report as to the operation of a Cadillac automobile on U. S. Highway 90 and was given the license number of the same; that upon investigation, he found a car bearing this license number at Jack Hill's Cafe; that he saw appellant at the cafe and observed his speech and actions and, in his opinion, he was under the influence of intoxicating liquor.

Appellant did not testify and offered no evidence.

The record is replete with evidence showing the intoxication of the appellant.

The court, among other instructions, charged the jury upon the law of circumstantial evidence.

Appellant challenges the sufficiency of the evidence to show that he was driving an automobile upon a public highway at the time and place in question.

We conclude that the facts and circumstances in evidence are sufficient to sustain the verdict.

The judgment of the trial court is affirmed.

Opinion approved by the Court.